## DAMAN *et al.* v. CHAMBERLAIN.

No. 522.   Opinion Filed July 12, 1910.

(110 Pac. 1056.)

**MECHANICS' LIENS—Bonds — Principal's Failure to Sign—Effect.**
A bond executed by virtue of section 4829, Wilson's Rev. &
Ann. St. 1903 (section 6163, Comp. Laws Okla. 1909), signed by
two sureties and not by the principal, when his name appears
in the bond, having been filed and approved, such sureties are
thereby bound and cannot defeat recovery thereon on account
of such principal failing to sign said bond.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; George W. Clark,
Judge.*

Action by H. G. Chamberlain against W. P. Daman and others.   Judgment for plaintiff, and defendants bring error.   Affirmed.

*Harris & Wilson,* for plaintiffs in error Pryer and Been.—
Citing: *Bunn v. Jetmore,* 70 Mo. 228; *Board of Education v.
Sweeney,* 1 S. D. 642; *Martin v. Hornsby,* 55 Minn. 187; *People
v. Hartely,* 21 Cal. 585; *Allen v. Marney,* 65 Ind. 398; *Sharpe
v. United States,* 28 Am. Dec. 676; *Gill v. Thomas,* 54 Ala. 414;
*Hessel v. Johnson,* 63 Mich. 623; *Fletcher v. Austin,* 11 Vt. 447.

*Ochiltree & Wood,* for defendant in error.—Citing:   *State v.
McDonald,* 40 Pac. 312; *Dillon v. Anderson,* 43 N. Y. 231; *Parker
v. Bradley,* 2 Ill. 584; *Haskens v. Lombard,* 16 Me. 140; *Culler
v. Whittemore,* 10 Mass. 442; *Johnson v. Weatherwax,* 9 Kan. 75;
*McIntosh v. Hurst,* 12 Pac. 647; *Senor v. Maschinot,* 31 S. W. 481;
*City of Deering v. Moore,* 41 Am. St. Rep. 534; *Williams v. Marshall,* 42 Barb. 524; *Eureka Sandstone Co. v. Long,* 39 Pac. 446;
*Young v. Bank & Trust Co.,* 63 Pac. 247; *Stinson Mill Co. v.
Reily,* 42 Pac. 1072; *Kurtz v. Forquer,* 29 Pac. 413; *Cockrill v.
Davie,* 14 Mont. 131; *Woodrow v. Calkins,* 13 Mont. 363; *Johnson v. Johnson,* 31 Ohio St. 131.

WILLIAMS, J. The only question raised on this record is as to the validity of a bond signed by two sureties, but not by the principal, when the name of the principal appears in the body of the bond; said bond having been given in compliance with section 4829, Wilson's Rev. & Ann. St. 1903.

In *Clark et al. v. Bank of Hennessey,* 14 Okla. 572, 79 Pac. 217, it is said:

"Again plaintiffs in error contend that they are released by reason of the failure of the principal named in the body of the bond to sign it, and that the fact that the name of the principal, H. L. Chamness, was written in the body of the bond at the time of its execution and delivery, was sufficient notice to defendant in error of the conditions under which the bond was signed; and the defendant in error, having accepted the bond in the incomplete condition, says that it was no notice of the agreement found by the referee to exist between the principal and plaintiffs in error, viz., that the bond should not be delivered until signed by the principal. As to whether the sureties, under the facts in this case, are estopped from asserting the failure of the principal to sign because of this conduct or neglect, we do not now deem necessary to decide. Section 10, art. 14, c. 4, Laws Okla. 1899, provides: ' * * * The board shall require the cashier and any and all officers having the care and handling of the funds of the bank to give a good and sufficient bond, to be approved by them and held by such custodian as the board may designate.' In the case of *State ex rel. v. Eggleston,* 34 Kan. 722 [10 Pac. 9], being a case in which the plaintiff or principal had failed to sign an injunction bond under the statutes of that state, which is identical with the statutes of this territory with reference to the requirement of giving bond in injunction cases, the Supreme Court of that state say in the opinion by Horton, C. J.: ' * * * As in this state all obligations are several as well as joint, we think that where an injunction suit is brought by the state, upon the relation of a proper party, a bond furnished by the plaintiff and executed by sufficient securities would be valid and legal. * * *' It will be seen that the bond in this case by its express provisions is a joint and several obligation, and that the statutes of this territory quoted do not require that the cashier shall sign the bond,

but only provide that he shall give bond which shall be approved by the board."

After citing and quoting excerpts from numerous other cases, on page 588 of 14 Okla. (page 222 of 79 Pac.), it is also said:

"Many other cases might be cited to the same effect as the above cases, and, while there is some conflict, we think the more modern and better weight of authority sustains the rule laid down in the authorities quoted. While it would be exceedingly unjust to hold that a surety would be bound by a bond when not signed by the principal named in it as obligor, where the failure of the principal to sign would materially affect the obligations and rights of the surety, we cannot see in the present case wherein the failure of Chamness to sign the bond in any way affects the rights or liabilities of the plaintiffs in error. Plaintiffs in error could be held liable for no sum unless Chamness was also liable for the same sum. The signing of the bond would not change the liability of Chamness in any way. In the event the sureties are required to pay the penalty of the bond, his failure to sign could not defeat a recovery by them against him, so that we are unable to see any reason why the mere failure of Chamness to sign the bond in question should be permitted to defeat a recovery upon the bond, since the same was accepted and relied upon by the defendant in error, and under such circumstances it would be injurious to hold that by reason of a mere technicality, which in no way could affect the substantial rights of the parties, the plaintiffs in error could defeat the obligation assumed by them."

The statute under which the bond in the case at bar was executed provides that:

"The contractor or owner * * * may execute a bond to the territory of Oklahoma * * * with good and sufficient sureties, whose qualifications shall be verified, * * * and file such bond in the office of said clerk, and when such bond is so approved and filed, no lien shall attach under this act, and if, when such bond is filed, liens have already been filed, such liens shall be discharged. Suits may be brought on said bond by any person interested."

We think that the word "execute" in said statute has the same

meaning as "give" in that construed in *Clark et al. v. Bank of Hennessey, supra.*

The judgment of the lower court is affirmed.

All the Justices concur.